FILED

John Burton, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 449-8300
Facsimile: (626) 449-4417
E-Mail:      jb@JohnBurtonLaw.com

2009 SEP 28  AM 11: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorneys for Plaintiff Larry Mathews Individually
and as Guardian ad Litem for A.M., a Minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LARRY MATHEWS, Individually
and as Guardian ad Litem for A. M.,
a Minor,

　　　　　Plaintiff,

　　　v.

CITY OF HAWTHORNE,
HAWTHORNE POLICE
DEPARTMENT, CHIEF OF
POLICE MICHAEL HEFFNER,
OFFICERS VINCENT ARIAS, JR.,
SEAN GALINDO AND
CHRISTINA CHIARELLO, and
DOES 1 to 10,

　　　　　Defendants.

Case No.  CV09 06845 DSF AJWx

**COMPLAINT FOR DAMAGES AND CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF:**

1.　　42 U.S.C. § 1983 (individual)

2.　　42 U.S.C. § 1983 (entity)

3.　　42 U.S.C. §§ 12131 et seq.

4.　　29 U.S.C. §§ 794 et seq.

5.　　Cal. Gov't Code § 11135

6.　　Cal. Civil Code §§ 51, 51.7, 52, 52.1 and 54

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1.　　This is a police misconduct action for damages pursuant to 42 U.S.C. § 1983, joined with claims for injunctive and declaratory relief under the Americans with Disability Act (ADA) and the Rehabilitation Act of 1973.

2.　　The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331

- 1 -

(federal question) and 28 U.S.C. § 1343(3) (civil rights).  Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. § 1391(b). Plaintiff's state-law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

**PARTIES**

3.    Plaintiff Larry Mathews ("plaintiff") is a competent adult. A. M. is his son, age 12 on the relevant dates, and is afflicted with autistism. Both are of African-American heritage.

4.    Defendant City of Hawthorne (City) is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by duly elected city council members, full-time city officers, and their duly appointed and hired agents and employees. Defendant Hawthorne Police Department (HPD) is a public agency subject to suit herein. Defendant Michael Heffner is the HPD Chief of Police, and therefore its policymaker, and is sued herein in both his individual and official capacities.  Defendants Vincent Arias, Jr., Sean Galindo and Christina Chiarello are HPD police officers or detectives, who at all times relevant hereto acted within the scope of that employment and under color of state law.

5.    Plaintiff sues defendants Does 1 to 10 by such fictitious names because their true identities are presently unknown.

6.    Plaintiff has exhausted his administrative remedies for suing public entities and employees in the State of California.

**CLASS ACTION ALLEGATIONS**

7.    Plaintiff brings this action on behalf of A.M. and, on behalf of all autistic children who currently interact with or will interact with the HPD, or any of its officers or other employees, as a class action under Federal Rule of Civil Procedure 23. This class action is brought for the purpose of obtaining declaratory and injunctive relief only. Plaintiff seeks damages for A.M. and for himself only.

8.    The putative class consists of 3 to 6 out of every 1,000 children, the current estimate for the occurrence of autism in the United States population. Each member of the putative class is a "qualified individual with a disability" within the meaning of the ADA and the Rehabilitation Act.

9.    The putative class members live in, attend school in, or are likely to travel through the City, and come in contact with the HPD.

10.    Plaintiff and the class he represents are informed, believe, and thereon allege that defendants City, HPD and Heffner have failed and continue to fail to take appropriate steps to ensure that autistic children will be accommodated and treated in a non-discriminatory manner by HPD police officers by, among other things, appropriately training officers in the signs and symptoms of autism, training officers that what appears to be inappropriate behavior by an autistic child might in fact be an expression of autism, training officers that autistic children may have extreme difficulty with certain social interactions, including interactions with police officers, training officers that autistic children may have extreme difficulty understanding and following commands and directions, training officers that they should not arrest autistic children, seek *Miranda* waivers and interrogate them, and then charge them with crimes, without taking into account and providing proper accommodations for their disability and the behavioral problems it engenders, and training officers that they should not use TASER electronic control devices (ECDs) and other potentially lethal, or excruciatingly painful, uses of force to control autistic children unless the autistic child is causing any hurt or injury to a person that interferes with the health or comfort of the person and that is more than merely transient or trifling in nature ("bodily harm"), or there is probable cause to believe that the child's behavior will imminently cause bodily harm, and no lesser force option has been, or will be, effective in eliminating the risk of bodily harm, and de-escalation or crisis intervention techniques have not been or will not be effective in eliminating the risk of bodily harm.

11.    Plaintiff and the class he represents are informed, believe, and thereon

1  allege that defendants City, HPD and Heffner have not adopted and do not enforce
2  appropriate policies and procedures to ensure that HPD officers accommodate autistic
3  children and treat them in a non-discriminatory manner by not arresting autistic
4  children, seeking *Miranda* waivers and interrogating them, and then charging them
5  with crimes, without taking into account their disability and the behavioral problems
6  autism engenders, and by not using TASER electronic control devices (ECDs) and
7  other potentially lethal, or excruciatingly painful, uses of force to control autistic
8  children unless the autistic child is causing bodily harm, or there is probable cause to
9  believe that the child's behavior will imminently cause any hurt or injury to a person
10 that interferes with the health or comfort of the person and that is more than merely
11 transient or trifling in nature ("bodily harm"), and no lesser force option has been, or
12 will be, effective in eliminating the risk of bodily harm, and de-escalation or crisis
13 intervention techniques have not been or will not be effective in eliminating the risk
14 of bodily harm.

15     12.    Plaintiff and the class he represents are informed, believe, and thereon
16 allege that defendants City, HPD and Heffner have failed and continue to fail to
17 provide HPD officers and employees with appropriate training regarding the behavior
18 of autistic children, their rights and the duty to accommodate them under the ADA and
19 Rehabilitation Act and state disability rights laws.

20     13.    The violations of the ADA and the Rehabilitation Act set forth herein, if
21 not enjoined by this Court, will continue to affect members of the proposed class and
22 cause them to experience physical and emotional harm unnecessarily.

23     14.    The requirements of Rule 23 of the Federal Rules of Civil Procedure are
24 met with regard to the proposed class in that:

25          a.    The class is so numerous that it would be impractical to bring all class
26               members before the Court;

27          b.    There are questions of law and fact which are common to the class;

28          c.    The claims of A.M., represented by the named plaintiff, for declaratory

- 4 -

1    and injunctive relief, are typical of the claims of the class;

2        d.    The named plaintiff will fairly and adequately represent common class

3        interest and is represented by counsel who are experienced in class actions and

4        familiar with the police misconduct and disability rights issues in this case;

5        e.    Defendants City, HPD and Heffner have acted or refused to act on

6        grounds generally applicable to the class.

7        15.    The common questions of law and fact, shared by the named plaintiff and

8    all class members, include:

9        a.    Whether defendants City, HPD and Heffner are violating Title II of the

10       ADA (42 U.S.C. §§ 12131 et seq.) and regulations promulgated thereunder, by

11       failing to take appropriate steps to ensure that HPD officers accommodate

12       autistic children and treat them in a non-discriminatory manner by not arresting

13       autistic children, seeking *Miranda* waivers and interrogating them, and then

14       charging them with crimes, without taking into account their disability and the

15       behavioral problems it engenders, and by not subjecting them to ECDs and other

16       potentially lethal, or excruciatingly painful, uses of force to control autistic

17       children unless the autistic child is causing any hurt or injury to a person that

18       interferes with the health or comfort of the person and that is more than merely

19       transient or trifling in nature ("bodily harm"), or there is probable cause to

20       believe that the child's behavior will imminently cause bodily harm, and no

21       lesser force option has been, or will be, effective in eliminating the risk of bodily

22       harm, and de-escalation or crisis intervention techniques have not been or will

23       not be effective in eliminating the risk of bodily harm.

24       b.    Whether defendants City, HPD and Heffner are violating equal access and

25       nondiscrimination provisions of Section 504 of the Rehabilitation Act (29

26       U.S.C. §§ 794 et seq.), by failing to take appropriate steps to ensure that HPD

27       officers accommodate autistic children and treat them in a non-discriminatory

28       manner by not arresting autistic children, seeking *Miranda* waivers and

interrogating them, and then charging them with crimes, without taking into account their disability and the behavioral problems it engenders, and by not subjecting them to ECDs and other potentially lethal, or excruciatingly painful uses of force to control autistic children unless the autistic child is causing bodily harm, or there is probable cause to believe that the child's behavior will imminently cause bodily harm, and no lesser force option has been, or will be, effective in eliminating the risk of bodily harm, and de-escalation or crisis intervention techniques have not been or will not be effective in eliminating the risk of bodily harm.

c.      Whether defendants City, HPD and Heffner are violating California Government Code § 11135 which prohibits denial of benefits or discrimination on the basis of disability in programs funded or receiving financial assistance by the state, by not taking the steps necessary to insure that HPD officers accommodate autistic children and treat them in a non-discriminatory manner by not arresting autistic children, seeking *Miranda* waivers and interrogating them, and then charging them with crimes, without taking into account their disability and the behavioral problems it engenders, and by not subjecting them to TASER ECDs and other potentially lethal, or excruciatingly painful uses of force to control autistic children unless the autistic child is causing any hurt or injury to a person that interferes with the health or comfort of the person and that is more than merely transient or trifling in nature ("bodily harm"), or there is probable cause to believe that the child's behavior will imminently cause bodily harm, and no lesser force option has been, or will be, effective in eliminating the risk of bodily harm, and de-escalation or crisis intervention techniques have not been or will not be effective in eliminating the risk of bodily harm.

d.      Whether defendants City, HPD and Heffner are violating California Civil Code §§ 51 et seq. by failing to provide full and equal accommodations, advantages, facilities, privileges, or services to autistic children or otherwise by

violating the ADA; and

e.      Whether defendants City, HPD and Heffner are violating California Civil Code §§ 54 et seq. by failing to provide full and free access to law enforcement services to autistic children or otherwise by violating the ADA.

## FACTS

### A.      General Allegations re City and HPD Policies and Practices

16.     Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants City, HPD and Heffner, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of plaintiff, A.M., and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs of, among other things,

(a)     Not training HPD officers in the signs and symptoms of autism in children, not training officers that what appears to be inappropriate behavior by a child might in fact be an expression of autism, not training officers that autistic children may have extreme difficulty with certain social interactions, including interactions with police officers, not training officers that autistic children may have extreme difficulty understanding and following commands and directions, not training officers that they should not arrest autistic children, seek *Miranda* waivers and interrogate them, and then charge them with crimes, without taking into account their disability and the behavioral problems autism engenders, and not training officers that they should not use ECDs and other potentially lethal, or excruciatingly painful, uses of force to control autistic children unless the autistic child is causing any hurt or injury to a person that interferes with the health or comfort of the person and that is more than merely transient or trifling in nature ("bodily harm"), or there is probable cause to believe that the child's behavior will imminently cause bodily harm, and no lesser force option has been, or will be, effective in eliminating the risk of bodily harm, and de-escalation or crisis intervention techniques have not been or will not be effective in eliminating the

risk of bodily harm.

(b)   Subjecting persons, including autistic children, to ECDs and other forms of unreasonable or excessive force;

(c)   Subjecting persons, including autistic children to unreasonable criminal investigations, interrogations and false arrest;

(d)   Retaliating against persons who complain about HPD officer misconduct;

(e)   Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, false arrest, and other misconduct;

(f)   Failing to adequately train, supervise, and control officers in the arts of law enforcement, including dealing with autistic children and complaining civilians;

(g)   Failing to adequately investigate and discipline officers involved in misconduct; and

(h)   Condoning and encouraging officers in the belief that they can violate the rights of persons such as the plaintiff in this action and A.M. with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

17.   Plaintiff is informed and believes and thereupon alleges that the official policy makers for the HPD knew or reasonably should have known that HPD officers use ECDs improperly, and otherwise use excessive force against individuals and then investigate them and arrest them and charge them with crimes, all without probable cause, to cover up for misconduct. Despite this knowledge, defendants failed to take any steps to remedy these violations of constitutional and statutory authority, as well as of the HPD's own written policies, through adequate hiring, training, supervision and monitoring. In so doing, defendants City, HPD and Heffner exhibited deliberate indifference to the constitutional rights of plaintiff, A.M., and others similarly situated.

18.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants City, HPD and Heffner authorized, acquiesced in,

- 8 -

1   tolerated, or permitted other defendants herein to engage in the unlawful and
2   unconstitutional actions, policies, practices, and customs set forth in the preceding
3   paragraphs.   Defendants' conduct as alleged herein constitutes a pattern of
4   constitutional violations based either on a deliberate plan by defendants or on
5   defendants' deliberate indifference, gross negligence, or reckless disregard to the
6   safety, security, and constitutional and statutory rights of plaintiff and A.M.

7        **B.     The Incident.**

8        19.    A.M. is an autistic 12-year-old student enrolled in Hawthorne Middle
9   School. Pursuant to federal and state law the school accommodates A.M.'s disability.
10  The goal is for A.M. to live as normal a life as possible, given his disability. Plaintiff
11  Larry Mathews is A.M.'s father.

12       20.    During the morning of September 23, 2008, A.M. began experiencing and
13  manifesting symptoms of his autism disability, as the result of a teacher helper
14  requiring him to stand in a line with other children for class photographs.  This
15  proximity to others caused him to exhibit autistic behaviors, and he became agitated
16  and ran into the school athletic field. He was a normal size, unarmed 12-year-old
17  schoolboy, and did not pose a physical threat of harm to anyone. He needed someone
18  with the necessary training, knowledge and experience to accommodate his disability
19  and respond appropriately to him.

20       21.    The school staff present at the time telephoned A.M.'s family, and A.M.'s
21  adult sister, Lauren Mathews, then a college student enrolled at Stanford University
22  visiting home, responded to the school to provide A.M. appropriate assistance. A call
23  was placed to the HPD as well. HPD Officer Vincent Arias, Jr., was dispatched with
24  instructions that there was a developmentally disabled child on the middle school
25  athletic field.

26       22.    Officer Arias arrived at about the same time as Lauren. Lauren approached
27  A.M., as she has the ability and experience to control A.M. Officer Arias nevertheless
28  intervened, forced Lauren away, further causing A.M. to experience fear and his

1    condition to worsen. Officer Arias` actions unreasonably provoked A.M., and his
2    actions caused an escalation that led to the use of force with A.M., whom he knew or
3    should have known was autistic and merely manifesting symptoms and behaviors
4    associated with this condition.

5        23.    Officer Arias did not allow Lauren to communicate and respond to
6    brother. Instead he shot A.M. with probes from TASER 26-watt ECD and mercilessly
7    cycled at least two five-second cycles of potentially deadly and excruciatingly painful,
8    paralyzing electricity through A.M.'s young body. Officer Arias then handcuffed A.M.,
9    and without consulting any of the available mental health professionals involved in
10   A.M.`s care at the school, placed him under arrest and transported him to the
11   UCLA-Harbor emergency room in his police car for an involuntary mental evaluation
12   and emergency medical treatment. He did not allow Lauren to travel to the hospital
13   with her autistic younger brother.

14       24.    At the emergency room, the probes were removed from A.M., and he was
15   released to the custody of his parents.

16       25.    The next day, September 24, 2008, plaintiff Larry Mathews, A.H.'s father,
17   filed a formal misconduct complaint with the HPD regarding Officer Arias' conduct.
18   In retaliation for this exercise of Mr. Mathews' First-Amendment right, the HPD
19   (plaintiff is informed and believes with the knowledge and at the direction of Chief
20   Michael Heffner) launched a preposterous and wholly malicious "criminal"
21   investigation into the conduct of A.M. On September 30, 2008, HPD police detectives
22   Sean Galindo and Christina Chiarello went to Hawthorne Middle School, removed
23   A.H., and placed him under arrest, transported him to him to the police station, gave
24   him *Miranda* admonitions, despite the fact that they knew he lacked the mental
25   capacity to understand and knowingly waive his Fifth-Amendment rights, and then
26   interrogating him as if he were a mentally normal adult able to comprehend and control
27   his actions. Again, A.H. was released to his parents following the arrest, but defendants
28   caused a meritless juvenile court petition alleging felony charges to be filed against

1  him.

2      26.   As a result of this retaliatory conduct, plaintiff Larry Mathews was forced

3  to accrue attorneys' fees and appear in court. Ultimately, and one would expect, the

4  case was resolved in A.H.'s favor.

5      27.   The City, HPD and Chief Heffner ratified and endorsed Officer Arias'

6  misconduct by not sustaining Larry Mathews' misconduct complaint, instead causing

7  his officers to investigate and cause the prosecution of A.M.

8                                  **DAMAGES**

9      28.   By reason of the aforementioned acts of defendants, and each of them,

10  plaintiff and A.H. were injured in their health, strength and activity, and sustained and

11  will in the future continue to sustain great mental pain and shock to their nervous

12  system, and suffered anxiety, anguish, humiliation, and severe emotional distress, all

13  to their damage in an amount according to proof.

14      29.   By reason of the aforementioned acts of defendants and each of them,

15  A.H. has in the past and will in the future be required to receive hospital, medical,

16  doctor, nursing and psychological care and treatment, and by reason thereof, has and

17  will incur expenses related thereto in an amount according to proof.

18      30.   By reason of the aforementioned acts of defendants and each of them,

19  plaintiff has in the past been required to obtain legal services relating to potential

20  juvenile criminal liability of A.H., and by reason thereof has incurred expenses related

21  thereto in an amount according to proof, and lost income while meeting with counsel

22  and attending juvenile court.

23      31.   The acts of Chief Heffner and the officer defendants were done and

24  committed by them knowingly, deliberately and maliciously, with the intent to oppress,

25  injure and harass plaintiff and A.H., and with reckless indifference to the civil rights,

26  personal security and safety of plaintiff and A.H.; and by reason thereof, plaintiff and

27  A.H. pray for punitive and exemplary damages from and against these defendants in

28  an amount to be proved at trial.

1

## FIRST CLAIM FOR RELIEF

2

### (42 U.S.C. § 1983)

3

(By Plaintiff and A.H. Against All Deputy Defendants and Does)

4      32.    The officer defendants and Does, acting under color of state law, deprived

5 A.H. of rights, privileges, and immunities secured by the Constitution and laws of the

6 United States, including the Fourth, Fifth and Fourteenth Amendments by subjecting

7 A.H. to excessive force and false arrest (on two occasions), and malicious prosecution,

8 and all to A.H.'s damage as hereinabove alleged.

9      33.    The officer defendants and Does, acting under color of state law, deprived

10 plaintiff of rights, privileges, and immunities secured by the Constitution and laws of

11 the United States, including the First and Fourteenth Amendments by retaliating for the

12 filing of the complaint against Officer Arias by arresting and prosecuting his son, A.H.,

13 all to plaintiff's damage as hereinabove alleged.

14

## SECOND CLAIM FOR RELIEF

15

### (42 U.S.C. § 1983)

16

(By Plaintiff and A.H. Against Defendants City, HPD and Heffner)

17      34.    Defendants City, HPD and Heffner deprived plaintiff and A.H. of rights,

18 privileges, and immunities secured by the Constitution and laws of the United States,

19 including the First, Fourth and Fourteenth amendment by:

20            a.    Maintaining, authorizing, approving, tolerating, acquiescing in and

21            formulating, policies, customs and practices which proximately caused the

22            constitutional deprivations alleged herein;

23            b.    Training and supervising officers with deliberate indifference to the

24            constitutional rights of persons such as A.H. and plaintiff;

25            c.    Setting in motion a series of acts by others, or knowingly refusing

26            to terminate a series of acts by others, which they knew or reasonably

27            should have known would cause others to inflict the constitutional injury,

28            all to A.H.'s and plaintiff's injuries as hereinabove alleged.

- 12 -

## THIRD CLAIM FOR RELIEF

Violation of Title II of the Americans with Disabilities Act

(42 U.S.C. § 12131 et seq.)

(On Behalf of A.H. Against Defendants City, HPD and Heffner)

35.    Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

36.    In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(I)-(2).

37.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

38.    The U.S. Department of Justice's regulations implementing Title II, 28 C.F.R. § 35.160, require public entities to take appropriate steps to ensure that communications with members of the public with disabilities are as effective as communications with others.

39.    At all times relevant to this action, defendants City and HPD and Heffner in his official capacity were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

40.    At all times relevant to this action, A.H. was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of defendants City and HPD and Heffner in his official capacity.

41.     Through their acts and omissions described herein, defendants City and HPD and Heffner in his official capacity have violated Title II of the ADA by excluding A.H. from participation in, by denying him the benefits or, and subjecting him to discrimination in the benefits and services they provide to the general public.

49.     Through the acts and omissions of defendants City and HPD and Heffner in his official capacity and their agents and employees described herein, defendants City and HPD and Heffner in his official capacity subjected A.H. to discrimination on the basis of his disability in violations of Title II of the ADA by failing to provide communication that is as effective as communication provided to the general public in the following situations:

    a.     Control;

    b.     Arrest;

    c.     Transportation;

    d.     Questioning and interrogation at the station; and/or

    e.     While otherwise in HPD custody.

42.     Plaintiff is informed, believes, and based thereon alleges that defendants City and HPD and Heffner in his official capacity committed the acts and omissions alleged herein intentionally and/or reckless disregard of A.H.'s rights.

43.     As a direct and proximate result of the aforementioned acts, A.H. has suffered and continues to suffer humiliation, hardship, anxiety, and indignity, and severe mental and emotional anguish.

44.     Plaintiff is informed, believes, and thereon alleges that defendants City and HPD and Heffner in his official capacity and their agents and employees have failed and continue to fail to:

    a.     Adopt and enforce additional policies and procedures for communicating effectively, controlling and interacting with autistic children;

    b.     Train and supervise HPD officers and employees to communicate effectively, control and interact with autistic children;

c.     Train and supervise HPD officers and employees regarding the cognition and behavior of autistic children.

45.    Because the discriminatory conduct of defendants City and HPD and Heffner in his official capacity is ongoing, declaratory and injunctive relief are appropriate remedies.

46.    Pursuant to 42 U.S.C. § 12133, Plaintiff and A.M. are entitled to injunctive relief and to recover damages and reasonable attorneys' fees and costs incurred in bringing this action.

## FOURTH CLAIM FOR RELIEF

Violation of Section 504 of the Rehabilitation Act of 1973

(29 U.S.C. § 794)

(On Behalf of A.H. Against  defendants City and HPD)

47.    Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

48.    A.M., at all times relevant herein, is a qualified individual with a disability within the meaning of the Rehabilitation Act because he has autism, an impairment that substantially limits one or more of his major life activities. See 29 U.S.C. § 705(20)(B).

49.    At all times relevant to this action defendants City and HPD were recipients of Federal funding within the meaning of the Rehabilitation Act.

50.    Through their acts and omissions described herein,  defendants City and HPD have violated the Rehabilitation Act, including all applicable implementing regulations, by excluding A.M., from participation in, denying him the benefits of, and subjecting him to discrimination in the benefits and services they provide to the general public.

51.    Plaintiff is informed, believes, and based thereon alleges that  defendants

1  City and HPD committed the acts and omissions alleged herein intentionally and/or
2  reckless disregard of the rights of A.M.

3      52.   As a direct and proximate result of the aforementioned acts, Plaintiff has
4  suffered and continues to suffer humiliation, hardship, anxiety, indignity, and severe
5  mental and emotional anguish.

6      53.   Because the discriminatory conduct of defendants City and HPD is
7  ongoing, declaratory and injunctive relief are appropriate remedies.

8      54.   Pursuant to 29 U.S.C. § 794(a), A.M. is entitled to injunctive relief and to
9  recover compensatory damages and reasonable attorneys' fees and costs incurred in
10 bringing this action.

11              **FIFTH CLAIM FOR RELIEF**
12            Violation of Cal. Gov't Code § 11135
13        (On Behalf of A.H. Against Defendants City and HPD )

14     55.   Section 11135(a) of the California Government Code provides in pertinent
15 part: "No person in the State of California shall, on the basis of . . . disability, be
16 unlawfully denied the benefits of, or be unlawfully subjected to discrimination under,
17 any program or activity that is funded directly by the state or receives any financial
18 assistance from the state."

19     56.   At all times relevant to this action, HPD was an agency of defendant City.
20 At all times relevant to this action, defendants City and HPD received financial
21 assistance from the State of California.

22     57.   Through their acts and omissions described herein, defendants City and
23 HPD have violated and continue to violate California Government Code § 11135 by
24 unlawfully denying A.M. the benefits of, and unlawfully subjecting A.M. to
25 discrimination under, the programs and activities of defendants City and HPD.

26     58.   Because the discriminatory conduct is ongoing, declaratory and injunctive
27 relief are appropriate remedies, including reasonable attorneys' fees and costs in filing
28 this action.

- 16 -

## SIXTH CLAIM FOR RELIEF

Violation of Unruh Civil Rights Act

(Civil Code §§ 51, 51.7, 52, 52.1 and 54)

(By Plaintiff and A.M. Against All Defendants)

59.     Defendants provide police services and public safety services to the residents and other persons present in or near the City of Hawthorne. They are prohibited by the terms of the Unruh Civil Rights Act, Cal. Civil Code § 51 and following, from engaging in any discrimination against any person suffering from a disability such as autism. By virtue the conduct alleged above, defendants, and each of them, discriminated against and denied equal access to A.M. and others similarly situated in violation of Cal. Civil Code § 51.

60.     By repeatedly shocking 12-year-old A.M. with an ECD, defendant Arias violated his "right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of" his disability in violation of Cal. Civ. Code § 51.7.

61.     Based on the foregoing allegations, defendants "interfere[d] by threats, intimidation, or coercion, or attempt[ed] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment" of plaintiff's rights to free speech and to petition the government for redress, rights protected by both the United States and California constitutions, by causing his autistic 12-year-old son to be investigated, interrogated and arrested for criminal conduct A.M. was mentally incapable of committing, in violation of Cal. Civil Code § 52.1.

62.     Based on the foregoing, plaintiff and A.M. are each entitled to compensatory, punitive and statutory damages, and a civil penalty of $25,000 from each defendant as alleged herein, as well as attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff seeks judgment as follows:

(a)     Compensatory general and special damages in an amount in accordance with proof both for A.H. and himself;

(b)     Punitive damages against the individual defendants in an amount sufficient to punish them and to make an example of them so as to deter others from engaging in similar conduct;

(c)     Statutory Damages and a civil penalty of $25,000 from each defendant to plaintiff and A.H.;

(d)     Appropriate equitable relief including both an injunction and a declaratory judgment as set forth herein;

(e)     Prejudgment interest;

(f)     Reasonable attorney's fees, expenses and costs; and

(g)     Such other and further relief as the Court deems proper.

Dated: September 10, 2009             THE LAW OFFICES OF JOHN BURTON

                                      By_____
                                              John Burton
                                      Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all his legal claims pursuant to Fed. R. Civ. P. 38(b).

Dated: September 10, 2009             THE LAW OFFICES OF JOHN BURTON

                                      By_____
                                              John Burton
                                      Attorneys for Plaintiff

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

LARRY MATHEWS, Individually and as Guardian ad Litem for A.M.. a Minor.

PLAINTIFF(S)

v.

CITY OF HAWTHORNE. HAWTHORNE POLICE DEPARTMENT. CHIEF OF POLICE MICHAEL HEFFNER. (see attachment)

DEFENDANT(S).

CASE NUMBER

CV09 06845 DSF AJWx

**SUMMONS**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, John Burton _____, whose address is 414 S. Marengo Ave., Pasadena, CA 91101 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___SEP 2 8 2009_____

By: _____

**CHRISTOPHER POWERS**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

Attachment to Summons

*(Defendants continued)*

OFFICERS VINCENT ARIAS, JR.,
SEAN GALINDO AND CHRISTINA
CHIARELLO, and DOES 1 to 10,

      Defendants.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV09- 6845 DSF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

LARRY MATHEWS, Individually and as Guardian as Item for A.M., a Minor

**DEFENDANTS**

CITY OF HAWTHORNE, HAWTHORNE POLICE DEPARTMENT, CHIEF OF POLICE MICHAEL HEFFNER, OFFICERS VINCENT ARIAS, JR., SEAN GALINDO AND CHRISTINA CHIARELLO, and DOES 1 to 10

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

John Burton, SBN 86029, LAW OFFICES OF JOHN BURTON
414 South Marengo Ave
Pasadena, CA 91101   Tel: 626 449-8300

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. Section 1983 - Police Misconduct

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

## CV09 06845

**FOR OFFICE USE ONLY:**   Case Number:_____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note  In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date September 11, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases.

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability  (42 U.S.C  405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C  405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended  (42 U.S.C. (g)) |